UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANGEL DIAZ & JOSE RODRIGUEZ,

                                  Plaintiffs,      **COMPLAINT**

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER HAWS (tax # 953955), POLICE     Jury Trial Demanded
OFFICERS JOHN DOES 1-3,

                                  Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs allege that the City of New York and several New York City Police Officers violated their rights under 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution by falsely arresting them, using unreasonable force on them, denying them a fair trial, maliciously prosecuting them and violating their right to free speech.  Plaintiffs also assert claims of malicious prosecution and vicarious liability under New York state law.  Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of malicious prosecution and

vicarious liability which form part of the same case and controversy as plaintiffs' federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiffs' claims of malicious prosecution and vicarious liability under state law, notices of claim were duly filed with the City of New York within 90 days of the dismissal of the criminal cases filed against plaintiffs, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiffs' state law claims.

7. Plaintiff Jose Rodriguez testified at a 50-h hearing. The City of New York did not notice plaintiff Angel Diaz for a 50-h hearing.

8. This action is brought within one year and 90 days of the dismissal of the criminal charges filed against plaintiffs.

## PARTIES

9. Plaintiffs are residents of the State of New York.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The individual defendants acted under color of state law and within the

scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

12. On August 21, 2014, at approximately 1:30 a.m., in the vicinity of 79-15 Roosevelt Avenue in Queens, New York, New York City Police Officer Christopher Haws and other NYPD officers ("defendants") confronted and stopped plaintiff Angel Diaz, plaintiff Jose Rodriguez, plaintiff Diaz's son, and two other young men who were with plaintiffs.

13. At the time that defendants stopped them, plaintiffs were lawfully walking on the sidewalk headed to their home.

14. After stopping plaintiffs, the defendants, without legal justification and uttering profanities, demanded identification.

15. Plaintiffs engaged in free speech by asking the defendants in a peaceful manner why they were being stopped, why the defendants were demanding identification, and why the defendants were using profanity.

16. Defendants, angered by the fact that plaintiffs were questioning their actions, retaliated against plaintiffs by falsely arresting them and by using unreasonable and force against them.

17. Defendants' use of unnecessary force against plaintiff Rodriguez included pushing and shoving, punching, kicking, a violent take down to the ground, and excessively tight handcuffing.

18. Defendants' use of unnecessary force against plaintiff Diaz included pushing and shoving, kicking, a violent take down to the ground, and excessively tight handcuffing.

19. One or more of the defendants used ethnic slurs against plaintiffs during the use of force.

20. After falsely arresting plaintiffs, defendants took plaintiffs to the 115th Precinct. In the 115th Precinct, defendants, acting in concert, falsely charged plaintiffs with, among other things, obstructing governmental administration and resisting arrest. After the arrest paperwork was completed, plaintiffs were taken to Queens Central Booking.

21. While plaintiffs were in custody, Officer Haws, with the approval of the other defendants, misrepresented to the Queens County District Attorney's Office that plaintiffs had committed various offenses, including obstructing governmental administration and resisting arrest.

22. Officer Haws, with the approval of the other defendants, signed and swore to the accuracy of a criminal court complaint falsely charging plaintiff Diaz with obstructing governmental administration and resisting arrest, and falsely charging plaintiff Rodriguez with obstructing governmental administration.

23. Plaintiffs were arraigned in Queens County Criminal Court during the evening of August 21, 2014 and were released on their own recognizance.

24. Plaintiffs made several court appearances after their arraignments.

25. On November 20, 2014, the criminal charges filed against plaintiff Diaz was dismissed.

26. On March 25, 2015, the criminal charge filed against plaintiff Rodriguez was dismissed.

27. As a result of defendants' false allegations, parole revocation proceedings were commenced against plaintiff Diaz resulting in Diaz's incarceration from September 17, 2014 to approximately the final week of November 2014.

28. As a result of the defendants' actions, plaintiffs suffered, among other things, a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation and pain, and physical injuries including bruising and swelling.

## FIRST CLAIM

### (§ 1983; FALSE ARREST)

(Against All Defendants)

29. Plaintiffs repeat the foregoing allegations.

30. Defendants, acting under color of state law, arrested and imprisoned plaintiffs without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

31. Defendants intended to confine the plaintiffs, plaintiffs were conscious of their confinement, plaintiffs did not consent to their confinement, and plaintiffs' confinement was not privileged or lawful.

32. Defendants' conduct caused plaintiffs to suffer a loss of liberty and emotional injuries.

33. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against All Defendants)

34. Plaintiffs repeat the foregoing allegations.

35. Defendants, acting under color of state law, used force upon plaintiffs which was objectively unreasonable in violation of § 1983 and the Fourth Amendment.

36. Defendants' conduct caused plaintiffs to suffer emotional and physical injuries.

37. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (§ 1983; MALICIOUS PROSECUTION)

(Against All Defendants)

38. Plaintiffs repeat the foregoing allegations.

39. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiffs had violated the law and initiated a prosecution against plaintiffs which terminated in plaintiffs' favor.

40. Defendants' conduct violated § 1983 and the Fourth Amendment.

41. Defendants' conduct caused plaintiffs to suffer a loss of liberty and emotional injuries.

42. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL)

(Against All Defendants)

43.     Plaintiffs repeat the foregoing allegations.

44.     Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiffs had violated the law in violation of § 1983 and the Sixth Amendment.

45.     Defendants' conduct caused plaintiffs to suffer a loss of liberty and emotional injuries.

46.     As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (§ 1983; VIOLATION OF RIGHT TO FREE SPEECH)

(Against All Defendants)

47.     Plaintiff repeats the foregoing allegations.

48.     Defendants, acting under color of state law, used unnecessary force upon plaintiffs, falsely arrested plaintiffs, maliciously prosecuted plaintiffs, and otherwise mistreated plaintiffs, for the purpose of retaliating against plaintiffs for their exercise of free speech during the incident.

49.     Defendants' conduct violated § 1983 and the First Amendment.

50.     Defendants' conduct caused plaintiffs to suffer a loss of liberty and emotional and physical injuries.

51.     As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

52. Plaintiffs repeat the foregoing allegations.

53. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights under First, Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

54. Defendants' conduct caused plaintiffs to suffer a loss of liberty and emotional and physical injuries.

55. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

### (MALICIOUS PROSECUTION UNDER N.Y. STATE LAW)

(Against All Defendants)

56. Plaintiffs repeat the foregoing allegations.

57. Defendants, acting within the scope of their employment as members of the NYPD, maliciously misrepresented to prosecutors that plaintiffs had violated the law and initiated a prosecution against plaintiffs which terminated in plaintiffs' favor.

58. Defendants' conduct violated New York state law.

59. The City of New York is vicariously liable to plaintiffs.

60. Defendants' conduct caused plaintiffs to suffer a loss of liberty and emotional injuries.

61. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiffs request the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: July 7, 2015

\_\_\_\_\_/s/_____
IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-4734
(646) 239-4330

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391